**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-00696-PAM |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| NAJEEB KHAN, | ) | **MOTION TO CONTINUE** |
| | ) | **SENTENCING** |
| Defendant. | ) | |

Now comes undersigned counsel, on behalf of Defendant Najeeb Khan, respectfully requesting the Court continue the sentencing in this matter for an additional six months, to at least November 1, 2023. The inherent challenges typically present in investigating and prosecuting a complex, multi-year fraud scheme, such as that here, have been significantly alleviated by Mr. Khan's voluntary disclosure of the offense and significant cooperation efforts with both the Government and the bankruptcy trustees. Nonetheless, outstanding issues related to victim restitution and other material items significant to Mr. Khan's sentencing reasonably require additional time to be adequately resolved. This motion is not made for purposes of delay, but in good faith, to provide adequate time to prepare for sentencing, obtain further clarity on potential significant amendments to the Federal Sentencing Guidelines that could affect Mr. Khan's advisory sentencing range, and potentially narrow or even eliminate certain complex issues that may need to be resolved at sentencing. Defense counsel has conferred with the Government regarding the requested continuance, and the Government indicated it plans to object to the specific request sought. The Government indicated it may support a shorter continuance, but has not made a determination as of the date of this filing,

I. **Creditor Recoveries in Mr. Khan's Related Bankruptcy Proceedings and Complex Tax Restitution Calculations Complicate the Criminal Restitution Process, Requiring Additional Time to Determine Accurate Restitution Figures.**

Following his voluntary disclosure of this offense in July 2019, Mr. Khan filed personal bankruptcy in October 2019 to ensure his company's (IOI's) customers would maximize their recoveries.[1] In conjunction with those proceedings, Mr. Khan forfeited *all* his remaining assets (which, at that time, were estimated to be around $98 million) to the bankruptcy estate to be liquidated and distributed to his and IOI's various creditors. It is defense counsel's understanding that the IOI clients affected in the instant case substantially overlap with the creditors in the related bankruptcy proceedings. The creditors in the bankruptcy proceedings, including KeyBank, have presented claims and obtained significant recoveries (approximately $45 million) over the past few years in those proceedings—with the IOI client creditors recovering approximately 65% of their claims. Mr. Khan currently has no remaining assets to provide any meaningful amount of recovery through court-ordered restitution.

Nonetheless, the Court is statutorily required, with limited exceptions, to order restitution to each individual victim in the full amount of their actual losses. *See* 18 U.S.C. § 3664(f)(1)(A). The Court must also credit any monies returned to those victims prior to sentencing. *See* 18 U.S.C. § 3663A(b)(1)(B); *United States v. DuMouchelle*, 2022 WL 2974918 (E.D. Mich. July 27, 2022) (reducing restitution amount by the amount of money returned to the victims). This is where the complexities begin.

---

[1] Mr. Khan's personal bankruptcy proceedings (and his various corporate entities) were consolidated with IOI's bankruptcy proceedings in U.S. Bankruptcy Court for the Western District of Michigan. *See In re: Najeeb Ahmed Khan*, Case No. 19-04258 (Bankr. W.D. Mich.); *In re: Khan Aviation, Inc. et al.*, Case No. 19-04261 (Bankr. W.D. Mich.); *In re: Interlogic Outsourcing, Inc., et al.*, Case No. 20-00325 (Bankr. W.D. Mich.).

While defense counsel possesses the raw percentage of funds distributed to IOI client-victims, determining the exact amount recovered by *each* victim to determine their proper restitution amount will require additional time and effort. This effort is further complicated because at least one significant asset—the trustee's claims against the Lake City Bank defendants—has not been resolved, and that cause of action alone could result in potentially millions of dollars of additional recovery for the creditor-victims.[2] Determining the amount of loss and recovery for each victim is particularly important for Mr. Khan, as he is the rare defendant who has made extraordinary, voluntary efforts to maximize restitution to victims. Having an accurate picture of restitution going into sentencing, therefore, is critically important to certain mitigation arguments and the Court's imposition of a just sentence.[3]

Defense counsel has been in ongoing and productive communications with the Government (and bankruptcy trustee's counsel) to seek to resolve these complex issues. Defense counsel formally requested information regarding the bankruptcy estate's remaining assets and creditor recoveries and has discussed with the Government the complexities of crafting a legally and factually accurate restitution order in this case. While the Government has made a proposal as to how to proceed, defense counsel, in good faith, needs additional time to consider the Government's

---

[2] The parties have filed opposing motions in the matter, and a hearing on defendants' motions to dismiss is scheduled for April 17, 2023. *See Mark Iammartino v. Lake City Bank*, No. 1:21-AP-80071 (W.D. Mich. Bankr.)

[3] *See United States v. DeMonte*, 25 F.3d 343, 346 (6th Cir. 1994) (acknowledging that "restitutionary payments may constitute 'exceptional circumstances' that justify a downward departure"); *United States v. Robson*, 2007 WL 4510259 (N.D. Ohio 2007) (J. Polster) (varying downward by 3-levels based on defendant's "extraordinary lengths to pay [$31,000] restitution" pre-indictment); *see also United States v. Kim*, 364 F.3d 1235 (11th Cir. 2004) (affirming 4-level and 1-level downward departures, respectively, for defendants' extraordinary restitution (approx. $270,000) and providing overview of circuit courts allowing extraordinary restitution to be valid basis for downward departure).

informal proposal, and potentially to obtain and compile the information necessary to determine an accurate, up-to-date restitution figure (accounting for creditor recoveries to date).

Moreover, there are also significant tax restitution issues that still need to be resolved. Because the amount of criminal restitution ordered cannot be subsequently altered, and because Mr. Khan's ultimate civil tax deficiency may be lower than the amount of restitution owed to the IRS, the parties agreed to defer determining the amount of tax restitution until on or before sentencing. (*See* Plea Agreement, ECF #19, ¶ 29.) While defense counsel had been in plea discussions with the Government regarding Mr. Khan's tax figures, we did not know the Government's final proposed tax loss numbers until late January 2023, when Mr. Khan pled guilty. Nonetheless, in addressing this issue, defense counsel is exploring ways to narrow, and potentially even eliminate, certain disputes regarding tax restitution, and additional time may permit counsel to reach further agreement on certain points without the need to conduct a complex tax restitution hearing, or in the event there is a hearing, narrow the issues presented.

Considering the complexities and nature of restitution here, among the other reasons outlined below, a six-month continuance of Mr. Khan's sentencing to resolve and determine sufficient restitution figures and procedures is respectfully requested and made for good cause.[4] The defense has spoken with counsel for the Government regarding these issues and, while not agreeing to join this motion, the Government has also expressed an interest in determining an accurate restitution figure for all parties and takes no position on this motion.

---

[4] While the Court is permitted to determine victim's losses up to 90 days after sentencing, counsel believes the proper restitution amount can be sufficiently calculated before the requested sentencing date without additional proceedings, thereby saving the parties' and the Court's time and resources. In conjunction with the additional reasons identified herein, a slight continuance of sentencing will benefit all parties and allow the Court to obtain significant information material in determining Mr. Khan's sentence.

4

### II. Proposed Guidelines Amendments by the United States Sentencing Commission Could Have a Meaningful Impact on Mr. Khan's Guidelines Calculation and Overall Sentence.

Proposed amendments to the U.S. Sentencing Guidelines will likely also have a material effect on Mr. Khan's advisory sentencing range and applicable policy statements. The U.S. Sentencing Commission has proposed an amendment permitting a one to two-level downward adjustment for defendants who—like Mr. Khan—have zero criminal history points and meet other certain criteria.[5] If approved, a promulgated version of the amendment will be submitted to Congress no later than May 1, 2023, and the amendment will become effective on November 1, 2023 (unless modified or disapproved by Congress).[6]

Both proposed versions of the amendment permit an adjustment if "the defendant did not receive any criminal history points," and otherwise satisfies certain other qualifying criteria.[7] Defense counsel strongly believes Mr. Khan will satisfy either of the proposed versions of the amendment, which would lower his total adjusted offense level by 1 or 2 levels and his accompanying sentencing range. Delaying sentencing until on or after November 1, 2023—when the amendment is expected to go into effect—will allow Mr. Khan to be sentenced under the anticipated amended Guidelines.[8] And without the minor six-month delay, Mr. Khan's

---

[5] *See* Proposed Amendments to the Sentencing Guidelines, § 4C1.1, U.S. SENT. COMM. (Feb. 2, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf.

[6] Between 2019 and July 2022, the Commission lacked a quorum and therefore could not propose amendments to the Guidelines. In August 2022, the Senate confirmed a full slate of commissioners restoring the Commission's quorum and thus enabling the Commission to initiate its amendments process. Typically, final amendments submitted to Congress almost always become effective. For example, all the Commission's most recent proposed amendments (in 2018) became effective that following November (*see* U.S.S.G. Appendix C, November 1, 2018 (amendments 805–813)), similarly all of 2015's proposed amendments to the § 2B1.1 fraud guideline, which were significant, also became effective without any material changes. *See* U.S.S.G. Appendix C, November 1, 2015 (amendments 790– 797).

[7] *Id.*

[8] Delaying Mr. Khan's sentencing to permit the application of the zero criminal history adjustment will not

recommended sentencing range would be meaningfully and negatively affected—potentially resulting in an increased sentencing range with additional years of imprisonment.[9] Such a wide sentencing disparity, solely because of the passage of several months, supports the minor delay to achieve a fairer and more just sentence. This is especially true where, in this case, Mr. Khan self-disclosed his conduct and has worked extensively over the past three years to cooperate with the bankruptcy trustees and the Government to remediate the harm he caused. A six-month continuance of Mr. Khan's sentencing will also allow the parties to present their sentencing arguments more fully in connection with a complex case containing an unusual set of facts and circumstances with a truly unique and remorseful defendant.

### III. The Defense is Preparing a Substantial Sentencing Presentation and Respectfully Requests Additional Time.

Since Mr. Khan entered his guilty plea in January 2023, there has been an outpouring of support for Mr. Khan from family, friends, neighbors, community members, former employees, business associates, and even IOI client-victims, among others. Defense counsel has received over 90 character letters from individuals expressing their support for Mr. Khan, and expects more to come over the next couple weeks. The defense is putting together a substantial sentencing mitigation submission, including a detailed sentencing memorandum and a sentencing mitigation video highlighting Mr. Khan's personal history and characteristics. The video will provide the Court with a perspective on Mr. Khan's personal life and good deeds from the viewpoint of people who experienced them firsthand. Because most of these individuals live out of state (Indiana,

---

require renegotiating or modifying the terms of the plea agreement because the adjustment and any related policy statement relates to criminal history, to which the parties have no agreement. (*See* Plea Agreement, ECF #19, ¶ 20.)

[9] Because it is unknown whether the proposed amendment may be applied retroactively to previously sentenced defendants (*see* U.S.S.G. § 1B1.10(d)) until the amendment is presented to Congress on May 1, 2023, Mr. Khan may be materially and irreparably harmed without a continuance.

Michigan, etc.), additional time will allow the defense to better coordinate and schedule interviews and provide the Court with this important perspective on Mr. Khan's whole person.

Mr. Khan has also recently been requested to speak with various groups regarding his criminal wrongdoing, including students enrolled in a business ethics class at the University of Chicago, Booth School of Business, among others. We believe these speaking events present invaluable opportunities for Mr. Khan to reflect on his wrongdoing and help others learn from his past mistakes. It also provides the Court with a rare opportunity to observe Mr. Khan's ongoing rehabilitation and, perhaps, provide a glimpse into his life after prison. Unfortunately, these speaking events cannot be sufficiently organized and scheduled in advance of Mr. Khan's sentencing without a slight delay. For all these reasons, defense counsel therefore respectfully requests the Court schedule Mr. Khan's sentencing hearing on a date on or after November 1, 2023.

This request is not for the purpose of delay or contrary to the public interest. Mr. Khan voluntarily disclosed his offense and has fully cooperated—and been in extensive, ongoing discussions—with the Government for the past three years. Throughout this period, Mr. Khan has either been employed, assisting the Government with their investigation, or assisting the bankruptcy trustees in maximizing creditor recoveries. The Government has allowed Mr. Khan to live freely and without restrictions throughout that time and, after pleading guilty, the U.S. Pretrial and Probation Office recommended supervision was not required. Mr. Khan has been a model citizen since his disclosure of the offense and he is currently working while on release while voluntarily setting aside funds towards restitution as his income provides, albeit modest amounts. An additional six-month delay will not be contrary to the public interest.

For all the reasons herein, Mr. Khan respectfully requests the Court reschedule the sentencing in this matter to on or after November 1, 2023.

Respectfully submitted,

*/s/ Jesse M. Barrett*
Jesse M. Barrett
SouthBank Legal
100 E. Wayne Street, Suite 300
South Bend, IN 46601
T: (574) 968-0760
F: (574) 968-0761
jbarrett@southbank.legal

*/s/ Paul M. Flannery*
Paul M. Flannery
Flannery | Georgalis, LLC
1375 E. 9th Street, 30th Floor
Cleveland, Ohio 44114
T: (216) 367-2094
F: (216) 367-2120
paul@flannerygeorgalis.com

*Attorneys for Defendant Najeeb Khan*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Paul M. Flannery*
Paul M. Flannery

*Attorney for Defendant Najeeb Khan*