IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR696 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| NAJEEB KHAN, | ) | OPPOSITION TO MOTION TO |
| | ) | CONTINUE SENTENCING |
| Defendant. | ) | |

The United States of America, by and through undersigned counsel, respectfully submits its response in opposition to Defendant's motion for a six-month continuance of the sentencing date.

In resolving this motion, the Court must determine whether (1) the purported complexities of determining restitution, (2) a proposed amendment to the federal sentencing guidelines that may benefit Defendant, and (3) his need for additional time to gather letters of support, prepare a sentencing memorandum and an accompanying video, and schedule speaking engagements, warrant a lengthy continuance at the expense of the public's interest and the victims' right to the Defendant's sentencing without unreasonable delay.

**I.  The Parties have agreed to the amount of restitution due to the victims of the bank fraud and Defendant has had ample time to prepare his position on restitution for his tax evasion offense.**

The content of the restitution order the Court should enter in favor of Defendant Khan's bank fraud victims, namely KeyBank and the IOI clients, is not complex. Pursuant to 18 U.S.C. § 3664(f)(1)(A), the Court shall order restitution to each victim in the *full* amount of each victim's losses. . . . (emphasis added). Even though the value of that loss may be determined as of the date of sentencing, see 18 U.S.C. § 3663A(b)(1)(B)(i)(II), what items of loss were suffered by the

victim is generally determined as of the completion of the offense. Accordingly, Defendant agreed as part of his plea agreement to pay restitution to KeyBank a total of $121,417,215.15 and the IOI clients a total of $27,243,284.40 before any credits are applied due to pre-conviction restitution made by Defendant Khan, including monies recovered by the victims in connection with the consolidated bankruptcy proceedings or otherwise. (N. Khan Plea Agreement, ¶ 27-28). As to these victims, the Court's restitution order need only reference the full amount of the victims' loss amounts and direct that Defendant Khan receives credit for any amounts already paid to the victims.

Defendant cites *United States v. DuMouchelle*, No. 20-20245, 2022 WL 2974918 (E.D. Mich. July 27, 2022) in support of the proposition that the figure ordered as restitution to the victims should be reduced by the amount of money returned to them. However, the facts of that case are distinguishable in that the money returned to the victims in that case, at least to one of the two victims discussed, was returned by the defendant, directly, almost immediately after the offense—before charging, sentencing, and detection of the wider scheme. Here, that is not the case. The monies recovered by KeyBank and the IOI client victims have been recovered after KeyBank had to pay out additional funds to cover IOI client payroll obligations after the kite was discovered, after victims had to claim and offer proof of losses in the bankruptcy proceedings, and after a lot of hard work by the victims and their representatives in the consolidated bankruptcy cases.

Before sentencing, the Government will provide the Defendant, the United States Pretrial and Probation Office, and the Court with the amounts already received by the victims as part of the consolidated bankruptcy proceedings and that should be credited by the Clerk's Office to Defendant's outstanding restitution balance. On that issue, Defendant contends that the outcome

of a pending lawsuit may result in additional funds being paid to the victims, thereby reducing Defendant's restitution obligation. However, this potential recovery is speculative and should not be the basis for further delay in the sentencing process. The law already provides that the Defendant's restitution obligation shall be reduced by any later recovery in a federal civil proceeding. 18 U.S.C. § 3664(j)(2)(A). The victims have already waited for justice to be served, and this sentencing should not be delayed until the conclusion of the consolidated bankruptcy proceeding. Instead, after bankruptcy proceedings conclude, an accounting of all money recovered by the victims in connection with those proceedings should be provided to the Clerk's Office so that they may calculate the proper credit due to the Defendant. In the end, the *amount* of restitution to be ordered remains the same—the full value of the victims' losses.

As to the restitution due to the United States for Defendant's tax evasion offense, Defendant has been on notice of the United States' position on the amount of tax loss since at least November 22, 2021. While Defendant's motion notes that Defendant was unaware of the Government's final position on the tax loss number until later January 2023, defense counsel may have made a typographical error considering they first raised that Defendant's civil tax liability (the amount he is obligated to pay the IRS under the tax code) might be less than the amount of criminal tax loss he agreed to for guidelines calculation purposes in January 2022.[1] Mr. Khan has had adequate time to prepare his argument on this issue.

Notwithstanding the foregoing argument, the Court has the authority to delay ordering restitution without delaying sentencing in this case. *See* 18 U.S.C. § 3664(d)(5). Should the Court determine that Defendant needs additional time to prepare its restitution argument, a

---

[1] Defendant's representation on page 4 of his motion that the Government takes no position on the motion is a mistake—likely a remnant of an earlier draft of the motion.

3

hearing to determine restitution due to the victims may be set up to 90 days after sentencing. While an additional recovery by the victims in an ongoing lawsuit that would make the IOI client victims whole would put Defendant Khan in a better position before the Court at sentencing, it certainly does not warrant a six-month delay in his sentencing.

**II.     Court proceedings should not stop because proposed amendments to the federal sentencing guidelines may benefit the Defendant.**

The Defendant's reliance on a proposed amendment to the federal sentencing guidelines as a basis for a six-month continuance is unpersuasive. Sentencing courts are required to consider the guidelines that are in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A). The Defendant is essentially asking the Court to delay his sentencing in the hope that the proposed amendment will become effective and result in a lower guideline range. The potential impact of a future amendment on the Defendant's guideline range is speculative and courts do not stop sentencing criminal defendants because there may be a change in the advisory guidelines that could benefit a defendant. As of this filing, the Sentencing Commission has not submitted to Congress the proposed amendments, and even if it had, the Commission's solicitation for comments regarding whether the proposed amendments to the criminal history guidelines, including, the "zero-point" offender amendment, should be retroactive, is a clear indication that the Commission does not expect courts to stop sentencing offenders until November 1, 2023, when the amendments *may* go into effect.

Given these uncertainties and the need to balance the interests of the victims and the public in timely justice, the Court should not grant a six-month continuance on this basis. Defendant Khan is certainly not the only defendant who would stand to benefit from the amendment. What the Defendant describes as a minor delay, is ultimately unnecessary, especially considering that defense counsel can argue that the Court should consider the facts

4

underlying the Commission's decision to submit the relevant amendment to Congress (assuming they ultimately make that submission)—any suggestion that Defendant is in a unique or special position should be rejected by the Court.

**III.  The Government takes no position on a 30-day continuance for Defendant to finalize preparations for sentencing but objects to a longer delay.**

While the Court may consider various factors in determining an appropriate sentence, including the Defendant's background, character, and personal circumstances, these factors should not result in an undue delay in the sentencing process. The Defendant has had ample time, since mid-2019, to prepare for his sentencing hearing and to gather relevant materials. Moreover, the victims have a right to a timely resolution of this matter. *See* 18 U.S.C. § 3771(a)(7). A six-month continuance based on the need for additional time to create a sentencing video and collect statements is unwarranted and would unduly prejudice the victims in this case.

The recent invitations Defendant has received to speak to various groups is also no reason to delay sentencing. Defendant's interest in demonstrating his "ongoing rehabilitation" does not outweigh the public and the victims' interest in seeing justice carried out. Should Defendant wish to avail himself of the speaking opportunities, he will have time between the date of his sentencing and the date he must report to the facility designated by the Bureau of Prisons to serve his custodial sentence. The notion that Defendant Khan should not be sentenced yet because he plans to engage in public service by discussing his criminal behavior is inapposite. The victims' right to sentencing outweighs the Defendant's interest in the opportunity to show the Court that he has engaged in good deeds.

That said, should Defendant need additional time to prepare for sentencing, the Government takes no position and defers to the Court's judgment as to whether a 30-day

5

continuance is appropriate. Delaying for a longer period is unreasonable considering the facts and circumstances of this case.

## IV. Conclusion

For the reasons stated above, the Government opposes the Defendant's motion for a six-month continuance of the sentencing date. The Defendant should not be allowed to delay sentencing to put himself in a better position at sentencing. The United States and counsel for Defendant Khan have worked through various issues over the last three years to bring this case to a conclusion, and the victims have been patient and waited long enough.

However, in the interests of fairness and to allow Defendant more time to prepare, the Government would not take a position on a more limited 30-day extension for the Defendant to complete his sentencing video, gather additional statements to submit in mitigation, and finalize his sentencing memorandum.

                Respectfully submitted,

                MICHELLE M. BAEPPLER
                First Assistant United States Attorney

By:  /s/ Alejandro A. Abreu
       Alejandro A. Abreu (OH: 0089477)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3620
       (216) 522-2403 (facsimile)
       Alejandro.A.Abreu@usdoj.gov